FILED
MISSOULA, MT

2007 JUN 20 AM 10 56

PATRICK E. DUFFY
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | |
|---|---|
| RICHARD JON RING,<br><br>    Petitioner,<br><br>vs.<br><br>MISSOULA COUNTY DETENTION CENTER; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>    Respondents. | Cause No. CV 07-79-M-DWM-JCL<br><br><br>FINDINGS AND RECOMMENDATION<br>OF U.S. MAGISTRATE JUDGE |

On June 11, 2007, Petitioner Richard Ring submitted a petition for writ of habeas corpus under 28 U.S.C. § 2254. Ring is a state prisoner proceeding pro se.

Ring alleges that he was arrested for a parole violation on May 23, 2007, and that he was held for ten days without a hearing in violation of an unspecified statute. He states that he has not been formally charged, yet he has not been released. He seeks money damages and release. *See* Pet. (doc. 1) at 4, ¶ 15A; *id.* at 8, ¶ 18.

Ring signed his petition on June 7, 2007. *Id.* at 8. On June 8, 2007, he was released. *See* CON Network, http://app.mt.gov/conweb (accessed June 20, 2007) (updated June 8, 2007, and showing Ring's status as parolee). On June 18, 2007, mail directed to Ring at the Missoula County

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 1

Detention Center was returned as undeliverable. *See* Mail Returned (doc. 3).

"[H]abeas corpus is not an appropriate or available remedy for damages claims." *Wolff v. McDonnell*, 418 U.S. 539, 554 (1974). Since Ring has already been released, the Court cannot grant him release. No other form of relief appears to be available. The petition is moot and should be dismissed. *See Spencer v. Kemna*, 523 U.S. 1, 12 (1998) (holding that lack of significant collateral consequences following parolee's arrest and release renders habeas petition moot).

Because *Spencer* is decisive, a certificate of appealability should be denied.

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

1. Ring's Petition (doc. 1) should be DISMISSED as moot.

2. A certificate of appealability should be DENIED.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file written objections to this Findings and Recommendations within twenty (20) days[1] of the date entered as indicated on the Notice of Electronic Filing. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file

---

[1] In prisoner cases, this Court extends the time to object to twenty days in order to take into account the somewhat greater mailing time that is involved in sending documents into and out of a prison facility.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 2

written objections may bar a de novo determination by the district judge.

<u>Ring must immediately inform the Court of any change in his mailing address.</u>

DATED this 20th day of June, 2007.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 3